SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**PAMELA PAASO, TXSB #24060371**
Assistant United States Attorney
Pamela.Paaso@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:23-CR-00240-SI-002 and** |
| | **3:23-CR-00327-SI-001** |
| v. | |
| **VANESSA PLAZOLA,** | **GOVERNMENT'S SENTENCING** |
| | **MEMORANDUM** |
| **Defendant.** | |

### Introduction

Defendant Vanessa Plazola struck Adult Victim 2 (AV2) with a piece of wood causing injury. Months later, defendant was located by Deschutes County police and found in possession of 847 grams of methamphetamine.  Pursuant to the parties' plea agreement, the government respectfully recommends defendant be sentenced to seventy months' imprisonment, be ordered to pay restitution for the damage to Adult Victims' residence and be subject to the mandatory, standard and special conditions of supervision recommended by the Probation Office.

///

///

**Government's Sentencing Memorandum**                                                    **Page 1**

**Factual Background**

**A.       The Offense Conduct**

On June 27, 2023, Warm Springs Police responded to the hospital following a reported shooting on the Warm Springs Indian Reservation. Adult Victim 2 (AV2) told police that defendant and co-defendant Paul Martinez had arrived at the home of AV1 and AV2 on the Warm Springs Reservation. Plazola began yelling about AV1 and AV2 not allowing Plazola's eighteen-year-old child to leave the residence. AV2 told police Plazola struck AV2 with a piece of wood causing pain and injury. Martinez entered the residence and pulled a gun from his waistband. AV2 heard the gun discharge. AV1 reported Martinez pointed the gun at AV1's face and that when the gun discharged AV1's ear was struck. AV1 sustained a laceration to the ear and a fractured cheek bone. Martinez and Plazola then ran from the house and fled the scene. Police recovered multiple 9mm casings from the scene as well as one unspent 9mm cartridge.

Almost three months later, on September 19, 2023, law enforcement officers identified Plazola driving in Deschutes County, Oregon. Police engaged in a brief pursuit in which Plazola abandoned her vehicle and fled on foot. Police located Plazola in the backseat of an unlocked truck with a backpack. Police searched the backpack and recovered 847 grams of methamphetamine and a digital scale.

**B.       The Charges**

Defendant was charged by indictment with Assault with a Dangerous Weapon, in violation of 18 U.S.C. §§ 113(a)(3) and 1153 and Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1153 in 3:23-cr-240-SI and Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) in 3:23-cr-327. On March 3, 2025, defendant pled guilty to Assault with a Dangerous Weapon, in violation of 18

**Government's Sentencing Memorandum**                                                            **Page 2**

§§ U.S.C. 113(a)(3) and 1153 and Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).

### C.    The Plea Agreement & Guideline Computations

Pursuant to the plea agreement, in exchange for the guilty pleas, the government will dismiss the remaining charges against Plazola at sentencing. The government will also, subject to the limitations set forth in the agreement, recommend that defendant receive a three-level reduction for acceptance of responsibility, and an additional three-level adjustment pursuant to USSG § 3553(a).

The government contemplated a base-level offense of 30. The parties did not anticipate the 5-level enhancement pursuant to USSG § 1B1.3(a)(1)(B) related to the co-defendant's discharge of a firearm. Similarly, the parties anticipated the bodily injury to AV2 (not AV1) would result in a 3-level enhancement pursuant to USSG § 2A2.2(b)(3)(A). Under the parties anticipated calculation, there would not have been a multiple count adjustment as reflected in PSR.

### Government's Recommended Sentence

Defendant assaulted AV2 causing injury. This conduct appeared to be motivated out of concern for her child but requires accountability. Possessing dealer-quantity methamphetamine requires similar responsibility. Defendant's criminal history reflects her struggle with controlled substances and association with individuals engaged in criminal activity.

To her credit, Plazola has been very successful during her twenty-eight months on pretrial release. She completed substance abuse treatment, maintains employment and communicates regularly with her pretrial officer.

**Government's Sentencing Memorandum**                                    **Page 3**

A sentence of seventy months is sufficient but not greater than necessary to hold defendant accountable for her actions and deter future criminal conduct. The government supports the mandatory, standard and special conditions of supervision recommended by the Probation Office.

**Victim Impact and Restitution**

The government has not received any victim impact statements from AV2. The government will provide any statement it receives to the Court and defense. The government's sentencing recommendation in this case is set forth in the plea agreement. To the extent any information or recommendation in the Victim Impact Statement (VIS) is not in accordance with the government's promises in the plea agreement, the government does not adopt that portion of the VIS.

The government has received an invoice from the Warm Springs Housing Authority for $8,950 for expenses related to the replacement of the broken window and sheetrock damaged during the assault of AV1 and AV2. The government respectfully requests defendant and co-defendant be ordered to pay $8,950 to the Warm Springs Housing Authority.

/ / /

/ / /

/ / /

**Government's Sentencing Memorandum**                                    **Page 4**

**Conclusion**

Based on the foregoing, the government recommends that this Court impose a sentence of seventy months, followed by a three-year term of supervised release, and order joint and several restitution in the amount of $8,950.

Dated: July 22, 2026

Respectfully submitted,

SCOTT E. BRADFORD, OSB #062824
United States Attorney

*/s/ Pamela Paaso*
PAMELA PAASO, TXSB #24060371
Assistant United States Attorney